UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

WILLIAM HUNTER PHILLIPS,  CASE NO. 07-12829-WSS

    Debtor.  Chapter 11

BARRY D. WOOD and
WOOD, MAINES & NOLAN, CHARTERED,

    Plaintiffs,

v.  ADV. PROC. NO. 07-01106

WILLIAM HUNTER PHILLIPS,

    Defendant.

**ORDER GRANTING MOTION TO DISMISS
PARTY CLAIM FOR ATTORNEY'S FEES UNDER ALAA**

Thomas H. Benton, Jr., Counsel for the Plaintiffs
C. Michael Smith, Counsel for the Defendant

This matter is before the Court on the Plaintiffs' motion to dismiss party claim for attorney's fees under the Alabama Litigation Accountability Act. After due consideration of the pleadings, briefs and arguments of counsel, the Court makes the following determination.

The Plaintiffs, Barry Wood and his law firm, Wood, Maine & Nolan, filed the above-styled adversary proceeding on December 31, 2007 seeking exceptions to discharge under 11 U.S.C. §523(a)(2) and (a)(4). Count I alleged that the Defendant, William Phillips, misrepresented his ability to pay attorney fees owed to Wood and his law firm for their representation of Phillips and his company in connection with an FCC application. The Plaintiffs

1

alleged that they would not have continued to represent Phillips but for his representations that he would pay when the FCC application was settled, and that Phillips falsely stated that he could not pay when "as of 1999", he was believed to have liquid assets in excess of $600,000. In Count II of the complaint, Wood alleged that Phillips, as an employee of Wood's company Baldwin Broadcasting Company, sold advertising on the radio station and kept the proceeds for himself; traded goods and services for broadcast time without accounting to Wood for the transactions; and kept cash payments from concert organizers for his own benefit. According to the complaint, these incidents of embezzlement occurred between 1994 and 1997, with one incident occurring in June 1999.

After a discovery period that lasted until December 2008, Phillips filed a motion for summary judgment on January 9, 2009. Phillips maintained that the allegations in Counts I and II of the adversary proceeding were barred by Alabama's two year statute of limitations for fraud and conversion, and by res judicata or collateral estoppel. The Court set the motion for summary judgment for hearing on February 3, 2009. Wood did not reply to the summary judgment. On January 30, 2009, the parties filed a notice of stipulated dismissal with prejudice. Phillips filed his application for compensation for attorney fees and costs under the Alabama Litigation Accountability Act on the same day. He filed a motion for sanctions under the Court's inherent power to impose sanctions on October 7, 2009.[1]

Wood moved to dismiss Phillips' claim for an award of attorney fees and costs under the

---

[1] The Court raised the issue of its inherent power to impose sanctions and award fees at the hearings on the motion to dismiss, and denied the Plaintiffs' motion to dismiss Phillips' claim under the Court's inherent power to award fees in its order of May 13, 2009. The parties have addressed this issue in their subsequent briefs. Phillips filed his motion for sanctions to preserve his right to recovery under this theory.

2

Alabama Litigation Accountability Act ("the ALAA"), Alabama Code (1975) §12-19-270, et seq. because the ALAA does not apply in federal courts where jurisdiction is based on federal statutes and federal substantive law is applied. See *Mobile Gas Serv. Corp. v. The Utilities Board of the City of Daphne*, 2005 WL 2428329, *2 (S.D. Ala. 2005); *Pearson v. Linden Lumber Company, Inc.*, 2006 WL 997153, *8-9 (S.D. Ala. 2006). The Plaintiffs concede that the ALAA can be used in federal court when the court's jurisdiction is based on diversity and the substantive law being applied in the case is state law. The Eleventh Circuit Court of Appeals held that a similar Florida statute providing for an award of attorney fees could be asserted in a bankruptcy court when the bankruptcy court is applying substantive state law (claim for legal malpractice) in *Menchise v. Senterfitt*, 532 F.3d 1146, 1150-51 (11th Cir. 2008). In the present case, jurisdiction is based on 28 U.S.C. §1334, and the Plaintiffs' complaint states that the claims are based on 11 U.S.C. §523(a)(2) and (a)(4). The parties do not dispute that §523(a)(2) and (a)(4) are federal causes of action.

Phillips maintains that the ALAA does apply because although the Plaintiffs' complaint cited §523(a)(2) and (a)(4), the underlying claims were based on state law claims for fraud and conversion. In addition, Phillips cited bankruptcy law holding that a court need not determine the nondischargeability of a claim if the claim is unenforceable due to the applicable statute of limitations. See *Matter of Cantrell*, 88 F.3d 344 (5th Cir. 1996) and *In re Gergely*, 186 B.R. 951 (9th Cir. BAP 1995). Phillips' motion for summary judgment was based on the state law defenses of statute of limitations and res judicata. He argues that merely invoking federal jurisdiction does not bar the application of the ALAA; the deciding factor is whether the court depends on federal or state law to resolve the litgants' claims. According to Phillips, his case is an exception to the

typical §523(a) nondischargeability action, which would be decided by federal bankruptcy law, because substantive state law issues of statute of limitations and res judicata would be the deciding law for the Plaintiffs' claims.

Phillips' argument is persuasive and in keeping with the law interpreting the ALAA's use in federal courts when applying substantive state law. The case of *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F.Supp.2d 1282 (M.D. Fla. 2008) illustrates this Court's problem with applying Phillips' theory to this particular case. In *Design Pallets,* the plaintiffs filed suit under the federal RICO Act and under Florida's civil RICO statute. After summary judgment was granted in favor of the defendants on the federal claims, and supplemental jurisdiction over the state law claims was declined, the defendants moved for an award of attorney fees and costs under a Florida statute similar to the ALAA. The *Design Pallets* court held the defendants could not recover under the Florida statute because the court had resolved only the federal claims. The court went on to note:

> Although the Court had supplemental jurisdiction over the State law claims, it ultimately declined to exercise that jurisdiction and did not resolve those claims. Thus, [the defendant] can be deemed a prevailing party only as to the federal claims. Accordingly, this situation is akin to those instances in which only federal claims are resolved and the [federal] Costs Statute preempts the [the Florida statute].

*Id.* at 1287. This case shows the importance of determining which law a court uses to decide a claim. The cases cited above--*Mobile Gas Serv. Corp.*, *Pearson v. Linden Lumber Company*, *Menchise v. Senterfitt* and *Design Pallet*– all involve cases where the claims actually came to resolution based on state or federal law. That is not true in present case.

The parties dismissed the complaint with prejudice before the court had to determine

4

whether Phillips' state law defenses of statute of limitations or res judicata precluded Wood's claims for nondischargeable debts. Phillips' argument rests on the assumption that this Court would have granted the summary judgment in his favor, which may have happened if the case had gone forward, but the Plaintiffs do not concede in their supplemental brief that the statute of limitations had run on their claims or that res judicata would have barred the claims. Without a final resolution, this Court is left to speculate whether the state law defenses would have cut off the necessity for the Court to determine the nondischargeability issue. To allow Phillips to recover attorney fees under the ALAA, the Court would be required to find that he would have prevailed on his motion for summary judgment and that the state law defenses precluded consideration of the federal nondischargeability claims. The Court cannot make such a determination because the case was dismissed. The Court is left to look to the face of the Plaintiffs' complaint, which is based on the bankruptcy statute. Because the Plaintiffs' claims are based on federal law, the ALAA cannot be applied to award attorney fees and costs to Phillips. Therefore, the Plaintiffs' motion to dismiss the claim for an award under the ALAA is due to be granted. It is hereby

**ORDERED** that the Plaintiffs' motion to dismiss party claim for attorney's fees under the Alabama Litigation Accountability Act is **GRANTED**; and it is further

**ORDERED** that the Defendant's application for compensation based on the inherent power of the court to impose sanctions shall be set for final hearing.

Dated: November 9, 2009

WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

5